```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOYCE DUCK,
                                    Plaintiff,             ORDER
                                                           CV07-2224 (ADS)(WDW)
            -against-

PORT JEFFERSON SCHOOL DISTRICT and
EDWARD REILLY, in his former official capacity
as Superintendent of Schools for the Port
Jefferson School District,
                                    Defendants.
----------------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Before the court is the defendants' motion to compel the plaintiff's responses to interrogatories and document demands that seek information about the plaintiff's medical and psychological history. DE[14]. The motion is opposed by the plaintiff. DE[17]. For the reasons set forth below, the motion is denied as to the plaintiff's medical records and other medical information. As to her psychological records, the court finds that she has not waived her privilege as to communications unrelated to the emotional damages flowing from the underlying facts of this case, provided that she submit a sworn statement that she is seeking only "garden variety" emotional distress claims, that she does not have "any permanent emotional distress or damage" from the underlying events, will not call a mental health expert witness at trial, and has not suffered any physical injuries as a result of the defendants' alleged conduct. The plaintiff has, however, waived any psychotherapist-patient privilege as to communications that are related to her claimed emotional distress flowing from the underlying facts of this case, and she must respond to those discovery demands within two weeks of the date of this order.

## DISCUSSION

The defendants state that the Complaint (DE[1]) contains allegations that she has sustained "significant emotional distress," and was made "physically and emotionally ill" by the defendants'

alleged acts, and that she seeks damages for emotional distress. *See* DE[14] at 2. Thus, they argue, she has placed her physical and emotional condition at issue, thus waiving any applicable privilege, and they are entitled to review her medical and psychological history to prepare for trial. *Id.* The plaintiff opposes the motion, arguing that she has not sought any medical treatment for physical injuries sustained as a result of the defendants' alleged conduct and that the confidential communications between her and her psychotherapist are privileged and she has not waived that privilege with regard to any communications unrelated to the underlying facts of this case. *See* DE[17]. The plaintiff also argues that, under a balancing analysis, her privacy rights outweigh any need the defendants might have for information unrelated to the facts underlying this action. She does not, however, object to the production of her psychological records insofar as they do relate to this lawsuit.

The law on waiver of psychotherapist-patient privilege is not settled. In *Greenberg v. Smolka,* 2006 WL 1116521 (S.D.N.Y. Apr. 27, 2006), the court found that portions of psychological records factually unrelated to the incidents underlying a complaint need not be produced because the privilege as to unrelated incidents is not waived. In *Greenberg,* the plaintiff had alleged severe emotional and psychological injuries in her Complaint. In papers in support of her refusal to produce mental health records, however, she stated that "her contentions as to the extent of her emotional injury [were] quite limited," and that the emotional injury caused by the incidents at issue was temporary and had not caused her "particularly severe emotional distress." 2006 WL 1116521 at *2. Greenberg specifically asserted that she did not have "any permanent emotional distress or damage" from the underlying events and would not call a mental health expert witness at trial. *Id.* She also produced a declaration from her psychotherapist stating, *inter alia*, that she had raised the issue of the incident underlying the lawsuit only once in their sessions

2

together, which had started months before the incident, and that the incident and any distress flowing from it were not an issue in the psychotherapist's treatment of the plaintiff. *Id.* at *3.

In that context, the *Greenberg* court reviewed the law regarding the psychotherapist-patient privilege, noting that if a plaintiff contends she has suffered "a serious psychological injury, that is, the inducement or aggravation of a diagnosable dysfunction or equivalent injury," she will typically be deemed to have waived the privilege. *Id.* at 6 (citations omitted). In the more common cases, where the plaintiff seeks compensation for "less acute forms of distress - frequently referred to as 'garden variety' emotional distress claims - the courts have not provided a consistent response to the argument that such a demand for relief triggers a waiver, although most have rejected th[e] notion of an automatic waiver." *Id.* (citation omitted). The court explained that the idea that a waiver may occur when a party places her emotional status in issue rests on a concern for fairness to the defendant, but found that under the circumstances before it, Ms. Greenberg had not waived the privilege as to all of her psychological records. *Id.* at 8.

The court based its finding on the fact that Ms. Greenberg had overtly represented that she had suffered only "the sort of distress that could be reasonably attributable to the incident," and disclaimed any more aggravated harm, indicating that "the distress lasted only a matter of weeks and did not lead to the creation or aggravation of any psychological dysfunction or illness." *Id.* The court also found notable the facts that the plaintiff's therapy had started prior to the incident and that she would not call any mental health professionals at trial. *Id.* The court concluded that the plaintiff's "willingness to abjure any contention at trial that she suffered more than the sort of emotional distress that any healthy person might feel as a result of being kicked repeatedly and cursed at by a police official entirely undercuts any contention that defendants have a compelling need to learn the details of her treatment to locate other possible causes of significant

3

psychological injury or trauma." *Id.* at 9.

Not every court takes the same approach, however, as seen in the recent analysis of the psychotherapist-patient privilege in *Cohen v. City of New York,* 2007 WL 2789272 (S.D.N.Y. Sept. 25, 2007). In *Cohen*, the District Court upheld the Magistrate Judge's rulings that the plaintiffs must produce their mental health records and that a refusal to do so should result in dismissal of their claims for emotional injury. *Cohen* recognized that some courts, like *Greenberg,* have taken the "narrow" view that "garden variety" emotional injuries do not put the plaintiff's mental health "at issue" and thus trigger waiver of the privilege, but also noted that other courts have "characterized this narrow view of waiver as the 'minority view.'" *Id.* at *4. The *Cohen* court, applying a "clearly erroneous" standard to its review of the Magistrate's rulings, noted that because the Second Circuit has not ruled on the issue and a majority of courts in the Southern District have taken the broad waiver approach rather than the narrow one, the Magistrate's rulings were not clearly erroneous and they were upheld.

Here, the plaintiff advocates for the narrow view, claiming that she "does not contend that she has suffered serious psychological injury that is the inducement or aggravation of a diagnosable dysfunction" and has thus not waived the privilege with respect to communications not related to the underlying facts. The defendants urge that the court take the broad approach and find that Duck has entirely waived her privilege. The plaintiff further asks the court, as an alternative to a finding that she has not waived her privilege entirely, to balance her right to privacy with the defendants' alleged need for the information and conduct an *in camera* review of her records. This invokes the principles of Federal Rule 26(c)(4), although Duck does not specifically reference that Rule.

Federal Rule 26(c)(4) allows parties to request protective orders to insure that "certain

4

matters not be entered into, or that the scope of the disclosure or discovery be limited to certain matters." The court in *Greenberg* found that even if the therapist-patient privilege did not apply in that case, Rule 26 would bar production of the records. *Id.* at *10. The court explained that Rule 26 "gives the court broad discretion to tailor discovery to the needs of the case and the interests of the discovered party, and in doing so the court may 'undertake some substantive balancing of interests.'" *Id.* (citations omitted). The Supreme Court has noted that although Rule 26 "contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35, n.21 (1984). According to *Greenberg*, numerous courts have undertaken a balancing analysis under Rule 26, applying a policy "in favor of limiting production of treatment records to the minimum necessary to allow the defendants to prepare their case properly for trial." *Greenberg,* 2006 WL 1116521 at *11.

Applying all of this to the motion at hand, the court finds that, as to the demand for medical records regarding Duck's physical condition, such demands are overly broad, given Duck's assertion that she has suffered no physical injuries. The court further finds that Duck has not waived the privilege as to those portions of her psychological records unrelated to the facts underlying this action, provided that she file a statement that she is seeking only "garden variety" emotional distress claims, that she does not have "any permanent emotional distress or damage" from the underlying events, will not call a mental health expert witness at trial, and has not suffered any physical injuries as a result of the defendants' alleged conduct. She must, however, produce the records relevant to the emotional distress that she claims in this action. Both her statement disclaiming serious emotional harm and the production of responses must be served, and the statement filed with the court, within two weeks of the date of this order.

Dated: Central Islip, New York  **SO ORDERED:**
January 25, 2008

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge