# CRUSER, MITCHELL & NOVITZ, LLP
ATTORNEYS AT LAW
175 PINELAWN ROAD
SUITE 301
MELVILLE, NEW YORK 11747

**RONDIENE E. NOVITZ, ESQ.**
Direct Dial: (631) 390-0431
rnovitz@cmlawfirm.com

TELEPHONE (631) 539-0375
FACSIMILE (631) 539-0379
www.cmlawfirm.com

OFFICES IN:
NEW YORK
NEW JERSEY
ATLANTA
FLORIDA

March 17, 2008

**VIA ELECTRONIC FILING**
Honorable Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-4448

Re: **Duck v. Port Jefferson Union Free School District, et al.,**
**Docket No.: EDNY CV 07 2224**
Our File No.: 709.043

Dear Honorable Judge Wall:

We represent the Port Jefferson Union Free School District and Edward Reilly, in his former official capacity as Superintendent of Schools, in the above referenced matter. We write at this time to respectfully request the Court reconsider its denial of the Plaintiff's letter motion, dated March 11, 2008, which sought an extension of time in which to complete discovery.

In her letter motion, Plaintiff's counsel indicated an extension of time is needed to complete discovery in light of her Rule 72 motion currently pending before Judge Spatt. Plaintiff's Rule 72 motion seeks reversal of the Court's order denying her access to various personnel files of present and former employees of the school district.

By Order dated March 14, 2008, the Court denied Plaintiff's application for an extension of the discovery completion date. The Court concluded there has been no showing of good cause as to why the application was made after discovery was closed. The Court also noted no explanation has been offered for why the pending status of Plaintiff's Rule 72 motion would require the cessation of discovery.

Your affirmant respectfully seeks reconsideration of the Court's decision, as good cause does exist for requesting an extension of the discovery completion date at this time. First, the parties' Proposed Discovery Plan, which the Court adopted on September 13,

**CRUSER, MITCHELL & NOVITZ, LLP.**

Magistrate Judge William D. Wall
February 20, 2008
Page 2 of 3

2007, indicates the date for completion of discovery is June 30, 2008. As such, contrary to counsel's representation, the present request is being made prior to the close of discovery.

Secondly, the parties have been actively engaged in document discovery. On January 7, 2008, your affirmant filed a letter motion seeking to compel Plaintiff to respond to various interrogatories and discovery demands related to her claim of emotional distress allegedly caused by the Defendants' conduct. Additionally, your affirmant demanded Plaintiff provide an authorization for the release of her psychological records. Plaintiff opposed Defendants' motion on the grounds her psychological records were privileged. By Order dated January 25, 2008, the Court ordered Plaintiff to provide all requested discovery, provided she was not claiming mere "garden variety" emotional distress claims. As recently as February 22, 2008, Plaintiff's counsel provided supplemental responses to Defendant's interrogatories and demand for documents. Counsel also identified Plaintiff's treating psychologist as her expert witness and provided various records of Plaintiff's psychologist, as well as an authorization for the release of Plaintiff's psychological records.

Your affirmant has processed the aforementioned authorization, but has not yet received the Plaintiff's psychological records from her mental health care provider. As such, the Defendants would be at a disadvantage in proceeding with Plaintiff's deposition until such time as all psychological records have been received and reviewed.

Additionally, until this office receives the Plaintiff's psychological records we can not determine whether a deposition of Plaintiff's expert witness is necessary, nor can we designate an appropriate expert for the purpose of contesting the Plaintiff's emotional distress claims.

Upon receipt of the Plaintiff's psychological records, Defendants have every intention to proceed expeditiously with Plaintiff's deposition. Defendants will also designate the appropriate physician should an independent examination be deemed warranted. Without an extension of time in which to conduct discovery Defendants will be forced to proceed with Plaintiff's deposition without first adequately assessing Plaintiff's damages claim. Doing so would severely prejudice Defendants. G.R.J.H., Inc. v. Oxford Health Plans, Inc., 2008 WL 163582 (N.D.N.Y. 2008), *"Assuming that the Responses to Defendant's Demands were served within the past week, Defendant would be relegated to less than a month to engage in depositions and any other aspect of discovery. Reducing Defendant's discovery options in this manner has prejudiced the Defendant. Without an extension of the discovery deadline, said delay has prejudiced the Defendant and has effectively prevented it from pursuing a viable defense."*

**CRUSER, MITCHELL & NOVITZ, LLP.**

Magistrate Judge William D. Wall
February 20, 2008
Page 3 of 3

In light of the foregoing, it is respectfully requested this Court extend the deadline at least for limited purpose of allowing the Defendant to conduct Plaintiff's deposition and, if necessary, independent medical examinations.

This request was the parties' first request for an extension of the discovery/motion deadlines. The parties hereto have not procrastinated, or otherwise intentionally delayed discovery proceedings. Document discovery has been the subject of motion practice. At this time, Defendants need only depose Plaintiff. However, Defendants cannot adequately conduct her deposition without having received her psychological records pursuant to Plaintiff's authorization.

Thank you for your reconsideration of this application.

Respectfully yours,
**CRUSER, MITCHELL & NOVITZ, LLP.**

Rondiene E. Novitz, Esq.
Keith V. Tola, Esq.(KT 2074)

cc: Law Offices of Delvis Melendez, P.C.
Attorney for Plaintiff
90 Bradley Street
Brentwood, New York 11717
(631) 434-1443